## HALL v. LITTLE.

Where arbitrators, in a cause pending in Court, recited in their award, that they had made a previous award which proved inoperative and void, and that they had since been directed by the Court to proceed and make an award, and the fact of the previous award did not otherwise appear of record, this Court said, Their recital of matters of record before the Court was entitled to no weight whatever; the motion of the appellee averred that there had been no award as between these parties; there is no statement of facts, and we must therefore presume, in support of the judgment, that the truth of all the averments of the motion, necessary to authorize the action of the Court, was made satisfactorily to appear.

*Quere?* Where, by reason of any mistake or error on the part of arbitrators, in a cause pending, they have exceeded their authority, whereby their award is rendered nugatory, whether it is competent for the Court to refer back to them the matters embraced in the submission, for their further action; and whether, in the absence of such power, an agreement of arbitration which contemplated that any persons who had joint claims against both parties to the original suit, might make themselves parties to the arbitration, and authorized the arbitrators to make such number of awards, from time to time, as the circumstances of the parties and the nature of the business submitted to them might require, would authorize the arbitrators to make a second award, between the same parties, where the first proved null and void.

Where a cause, pending in the District Court, has been referred to arbitrators, and either party desires to object to the award because a day for the trial was not assigned by the Clerk, or because he had no notice of the time and place of trial, or that the arbitrators were not sworn, he must bring his objections and the facts to the notice of the Court below, and if his objections be overruled, he must cause the facts to appear in a bill of exceptions or statement of facts.

Where a surviving partner and the administrators of a deceased partner, being at law, made an agreement to submit their matter of difference to certain arbitrators, and agreed further that any person who had a claim against the partnership, might sign the agreement and have his claim referred to the same arbitrators, who were authorized " to make awards, from time to time," &c.; and a creditor signed the agreement accordingly; and the arbitrators, having made an award between the original parties, refused to make an award as to the creditor's claim;

and the creditor filed his motion for an order against the arbitrators to make an award for him or against him in the premises, which order was made ; and an award was made in favor of the creditor, upon which judgment was entered, from which the surviving partner appealed ; the Court entertained the appeal, on a transcript of the motion and proceedings thereon, alone, and affirmed the judgment.

Appeal from Galveston. It appears from the record, that the appellee filed his petition or motion in the District Court, November Term, 1849, in a case there pending, setting forth, that by an agreement on file in that cause, it was among other things stipulated " that all matters in controversy, rights, " claims or demands, between the said Bryan and Hall in the " life time of said Bryan, or between the said Hall as surviv- " ing partner of the firm of Bryan & Hall and other per- " sons," should be submitted to certain arbitrators therein named, upon such persons becoming parties to said agree- ment by signing the same before any award thereby contem- plated should be made ; that Little, (the appellee,) became a party to said argument according to its terms and provisions, and thereupon submitted his demand against said firm of Bryan & Hall to the arbitrators; that upon this submission no award had been made ; that it was provided by said agreement, that the referees might make such a number of awards, from time to time, as the circumstances of the parties and the nature of the business submitted to them might require, and that said Little was thereupon entitled to have an award upon his de- mand so submitted to the arbitrators, either for or against the said firm or the said surviving partner thereof; that the arbi- trators, having consented to take upon themselves the duties assigned them by the agreement, could not rightfully refuse to make their award touching the petitioner's demand ; but in- asmuch as they declined to do so, without the order or instruc- tions of the Court to that effect, he moves the Court, by its order to direct the arbitrators to proceed to make, and file their award, in Court, for judgment thereon.

The motion was sustained by the Court, upon hearing the parties thereto, and the arbitrators directed to proceed to make

---
---

their award.  Accordingly, on the 25th day of May, 1850, the arbitrators made an award, in favor of Little against Hall, as surviving partner of the firm of Bryan & Hall; which award was filed in Court on the 28th of the same month.

On the 18th of June thereafter, Hall filed a motion to set aside the award; upon which no action of the Court appears.

At the first Term of the Court thereafter, the parties appeared, and on motion of the attorney for Little, the Court gave judgment in his favor on the award; from which Hall appealed.  The transcript purported to contain only the motion of Little and the proceedings thereon.  The appellant assigned as error the following:

" 1st.  The award of arbitrators, originally made and filed in " this cause, concluded the powers of the arbitrators; the " Court had no power, under the statute, to set aside a part " of the original award, and re-refer the matter again to ar- " bitration.

" 2nd.  If any appeal was to be taken, to the original award, " it should have been taken, according to the statute, within " the three days, and the cause tried *de novo* in the District " Court.

" 3d.  The pretended award of Samuel M. Williams and " Hugh McLeod, in favor of William Little against appellant, " was a nullity; and it was error in the District Court to enter " judgment thereon.

" 4th.  The District Court erred in overruling the motion of " appellant to set aside and vacate the said pretended award " in favor of Little, which said motion was filed on the 18th " of June, A. D., 1850.

" 5th.  The whole proceedings on the part of William Little, " from the filing of his motion in the District Court, on the " 16th January, 1850, as well as the assumption of the ar- " bitrators and action of the Court were *coram non judice* " and void.

*Sherwood & Goddard,* for appellant.  As a Common Law

award, no judgment could be entered upon this decision of the arbitrators—even if it was not a nullity. The statute, under which the foregoing is sought to be made a judgment of the Court, has been in no respect pursued. It does not appear from the proceedings, that the Clerk ever appointed a time for the trial or hearing before the arbitrators, or that Hall appeared before them. It does not appear that the arbitrators were sworn; that Hall had any notice of the time and place of hearing; that the arbitrators had any power to hear and determine the matters assumed to have been arbitrated by them. On the contrary, it does appear that Little's claim had once been submitted to Williams and McLeod, as arbitrators, and that they had passed upon it. If Little had cause of complaint against the award, his proceeding being under the statute, his only remedy was to appeal to the District Court within three days after the commencement of the next Term, and have the matter tried *de novo* in that Court. (Art. 13, Hart. Dig.) The only remedy against the effect of the decree of the District Court was, by appeal or writ of error to the Supreme Court. That the arbitrators considered their powers spent, is evident from the language embraced in the motion, in which it is set forth, that "application has been made by the said "Little to the said referees to proceed to make their award, "which they decline doing without the order or instruction of "the Court thereupon."

*Allen & Hale*, for appellee. I. The first assignment of error is, that the Court had no power to set aside the original award and refer the matter to the arbitrators. The statute (Hart. Dig. Tit. ARBITRATION) is silent as to the power of the Court to recommit an award, defective or erroneous in law: but it is derived from the general authority and control of the Court over all causes pending before it: and is sanctioned by precedents without number. A power so necessary to prevent the failure of justice and the plain intent of the statute, can-

not be denied. Without it the party in whose favor an erroneous or inoperative award had been entered, would be entirely remediless, as under the eighth Section, (Hart. Dig. Art. 14,) he would be barred from further suit. (Boardman v. England, 6 Mass. R. 70; Cumberland v. N. Yarmouth, 4 Greenl. R. 459; Withey v. Haskell, 5 Mass. R. 143; People v. Supreme Court of New York, 19 Wend. R. 68; Reed v. Wiley, 5 Sm. & M. R. 394.)

And this power was exercised in the present case with greater propriety, because the agreement to arbitrate was made in a suit pending in the Court. What the defect of the first award was, why it was set aside, and what was the precise form or nature of the agreement on which the arbitrators acted, do not appear from the transcript. In the absence of information concerning these points every presumption is in favor of the action of the Court, and of the award. (Green v. Franklin, 1 Tex. R. 497; Edrington v. League, Id. 64.)

II. The second assignment of error is that if the first award was erroneous, an appeal should have been taken to the District Court, and the cause tried *de novo* there.

It does not appear what the agreement of arbitration contained: and the presumption therefore is, that it allowed no appeal. (Hart. Dig. Art. 7.) In that case if the arbitrators failed to act on a claim presented to them, or made an award void or inoperative or erroneous in law, the District Court could only recommit.

III. The third, fourth and fifth assignments are mere modifications of the preceding objections, and are answered by the same reasoning and authorities: The substance of the whole is, that the Court had no authority to recommit, and that the arbitrators had no power to make a second award. Now, even granting the first branch of this proposition to be true, the second does not follow: for it appears that the agreement authorized the referees "to make such a number of "awards, from time to time, as the circumstances of the par- "ties and the nature of the business submitted to them, might

" require."  If there is any doubt of this, then the Court, in the absence of the agreement, will presume it contained sufficient stipulations to authorize the action of the Court and of the arbitrators.

IV.  There is only one objection, apparent on the transcript, to the proceeding : and that is that it is not shown that a day was appointed by the Clerk, under the Statute, and notice of it given to the parties.  To this we might reply that this objection is not taken in the assignment, and cannot be urged now.  But there is a still better answer.  *Omnia presumuntur rite esse acta.*  It was the duty of the Clerk to assign the day ; and of the arbitrators, not to proceed without notice. No exceptions having been taken in the Court below, on this ground, it will be presumed that the requisites of the law were complied with.  (Hooper v. Brinson, 2 Tex. R. 185.)  It will be noticed also that the other parties protested against the action of the arbitrators, on the ground of want of authority ; and this protest would render notice to them unnecessary.  It will be noticed also that the parties all appeared at the judgment in the District Court, and had evidently been aware of the whole proceeding.  If this Court were at liberty to look into the award, its justice and the necessity of enforcing it, would be apparent.

WHEELER, J.  The ground, mainly relied on for a reversal of the judgment, is that taken first in order in the assignment of errors : that is, that the arbitrators having once acted under the submission, their office was determined, and the Court could not legally re-refer the matters in question to their arbitrament.

It has been assumed, in argument, that a previous award had been made under this submission.  It does not, however, so appear by the record, otherwise than by a recital to that effect, in the award.  And if that recital is to be taken as evidence of the fact, it thereby appears that the former award was set aside as unauthorized by the agreement of submission,

51

and, consequently, void. It would seem, therefore, that it was, in effect, as if no award had in fact been made.

But the Court was much better qualified to judge, from the record before it, what action had been taken, than the arbitrators; and their recital of matters of record before the Court, was entitled to no weight whatever. The Court would judge by the record and not by the recital. The motion of the appellee averred that there had been no award as between these parties. There is no statement of facts; and we must therefore presume, in support of the judgment, that the truth of all the averments of the motion, necessary to authorize the action of the Court, was made satisfactorily to appear. Every presumption is to be indulged in favor of the judgment. And where it does not appear by the record, that any such action of the Court, as that recited in the award, was taken, the mere gratuitous recital to that effect by the arbitrators, cannot be received as evidence of the fact, sufficient to authorize a reversal of the judgment, on that ground. It is unnecessary, therefore, to determine whether, if, by reason of any mistake or error on the part of the arbitrators, they have exceeded their authority, whereby their award is rendered nugatory, it will be competent for the Court to refer back to them the matters embraced in the submission, for their further action; or whether, in the absence of such a power, the agreement in this case, authorized the arbitrators to make a second award.

It is insisted, for the appellant, that the requirements of the statute were not observed; for that it does not appear that a day was assigned by the Clerk, for the trial before the arbitrators, as required by the statute, (Dig. Art. 9,) or that the appellant had notice of the time and place of hearing; or that the arbitrators were sworn. It might be a sufficient answer to these objections to the judgment, that they are not assigned as error. But they are susceptible of another answer. They were not taken in the Court below. The defendant appeared and moved the Court to set aside the award; but not for either

of these causes. In the case of Hooper v. Brimson, (2 Tex. R. 185,) it was held, that where the record does not show, affirmatively, that the parties had notice of the time and place of hearing before arbitrators, and exception was not taken in the Court below to the want of it, the appellate Court will presume such notice was duly given. And this will hold equally true as to the appointment of the time of hearing, and the swearing of the arbitrators: and, for the reason, to be collected from the opinion of the Court in that, and the subsequent case of Officiers v. Dirks, (Id. 468,) that these are matters which do not properly, or necessarily constitute any part of the record of the proceedings in the District Court, unless made so by exception there taken. In the case last cited, it was observed of these matters, that the Clerk is not required by the statute to enter them of record. Consequently their absence is not evidence that the law was not complied with in these particulars. If, in fact, these requirements of the law were not observed, the objection should have been taken in the Court below, where the facts could have been ascertained, and, by bill of exception, or otherwise, made a part of the record.

We might have disposed of this case, briefly, upon the ground that no one of the errors assigned is supported by the record; and the objections to the judgment, taken in argument, and which we have considered, do not go to the merits, and are not of that character, which, the party, by omitting to assign as error, will not be deemed to have waived.

In one respect, this case very much resembles the case of Edrington v. League. (1 Tex. R. 64.) The record manifestly does not contain all the proceedings which were before the Court, when the judgment was rendered. As in that case, however, sufficient appears to enable us to determine that the judgment was rendered in a case and upon a subject matter properly cognizable in the Court; and between parties represented before it. There is no bill of exceptions or statement of facts; and, upon the principles by which the case of Edrington v. League, Green v. Franklin, (1 Tex. R. 497,)

and the cases before cited, were determined, it must, we think, be held that there is no error apparent upon the record. The judgment is affirmed.

Judgment affirmed.